case number four one six zero four four nine. People be Johnson for the appellant john McCarthy for the athlete. McNeil, Mr McCarthy, you may proceed. Thank you. Mhm. Your honor's counsel. May it please the court. My name is john McCarthy and I'm from the office of the state appellate defender and I represent the Campbell Johnson. I want to approach this argument a little bit differently than normal. I'm going to start off by addressing a case that was neither site or brief by the party Garcia Rocha because it came out recently and was added to the record by way of motion. I'm then going to talk a little bit about what happened in this case and what options Mr Johnson has for pursuing his claims. Then I will talk about what I believe the trial court should have done in this case. And finally, what trial counsel should have done in this case once he was made aware of Mr Johnson had other issues he wanted to raise. The first thing about Garcia Rocha is that it is distinguishable from this case. It involves a situation where counsel is attempting to bring up an issue for the first time on appeal. In this case, Mr Johnson did the best he could to bring these issues to trial court's attention to reconsider. So this court doesn't have to answer the question of whether, when you have hired counsel and the petition gets dismissed, whether appellate counsel can bring up new issues that have never been brought to trial court's attention. Second, Garcia Rocha was wrongfully decided. It held that you only have the right to reasonable assistance of counsel if you have the right to counsel under the PC Act. So for a stage one dismissal or reasonable assistance claim, the only people who can make that claim is somebody who had a death sentence, which is no longer valid in Illinois. However, it kind of wasn't a death case. And the Illinois Supreme Court definitely said that you have the right to reasonable assistance of counsel at stage one. The holding Garcia Rocha limited itself to when you had the right to counsel, but didn't recognize the fact that while you don't have the right to counsel, you're not prohibited from hiring counsel. And once you hire counsel, that counsel should give you reasonable assistance. As an analogy, you do not have the right to know of the collateral consequences of a guilty plea. But if your trial counsel tells you what those collateral consequences will be and he's wrong, you may have grounds to withdraw your guilty plea. And in this case, while you don't have the right to counsel at stage one, when you hire counsel, you have the right to reasonable assistance. The second part about Garcia Rocha, which is confusing to me, is that you don't have the right to reasonable assistance at stage one. And when you get to stage two, counsel has no duty to amend the petition that he filed. In other words, Garcia Rocha basically guts the Cotto decision. And a defendant who hires counsel has a right with no remedy to enforce. The legal fiction that Garcia Rocha bases its whole decision on is that when an individual hires counsel, he directs counsel on what issues he wants to have raised. What about the person who doesn't know anything about the law, wants to file a post-conviction petition, and tells counsel, could you look at my record and tell me if I have any issues I can raise? Which is likely what happened in Rocha, considering it was a fitness problem. And this individual had undoubtedly no familiarity with the law. In this case, there's evidence that Granville Johnson did want counsel to raise other issues, but counsel failed to do so. So the question here is what can Granville do once counsel has filed his petition? He can't file a supplemental post-conviction petition because he's represented by counsel, and he can't file his own motions. According to the trial court and the state's suggestion, his recourse is to file a successive post-conviction petition. However, he would then have to meet the cause and prejudice test. I'm sure the state would make a similar argument to what it's making now, a successive post-conviction petition. These issues are all known at the time he filed the initial petition. They should have been raised there. Then they weren't, and therefore he can't show cause. He shouldn't get any advantage because he had higher counsel over a pro-state petitioner. The second problem is, I'm confused on whether he could even establish cause if the state didn't make that evidence. Cause is an objective factor external to the defense, which impeded the petitioner's ability to raise a specific claim in the initial post-conviction petition. I don't see how higher counsel is external to the defense. So I don't think there's any way you can satisfy the cause element. The second problem is the prejudice part of the cause and prejudice test. It's much more stringent than the gist of a meritorious claim that you have in your initial petition. You're going to have to show actual innocence or some fundamental unfairness beyond what's normally required. So it limits the types of issues my client would be able to raise. What the court should have done in my opinion, and while this is not the perfect analogy, I think it works. This is similar to a Krenkel situation where after trial a criminal defendant says, I received ineffective assistance of counsel, and here's why. The difference here is I don't believe there's necessarily the need for any kind of judicial inquiry into the charges. You don't have to have a separate hearing. I think what the trial court can do, because in a post-conviction petition stage one, a trial court looks at the petition. He makes a judgment on whether it's frivolous or patently without merit, without input from either party. What the trial court could have done here is look at the additional claims that Mr. Johnson wanted raised, determined if any of them had any merit, and if one did, it should have been advanced to the stage two of the proceedings. If none of them had any merit, he could have went ahead and dismissed the petition. Now, then we come down to what counsel should have done. Ideally all these matters are taking place before you accept the money, that you know what your assignment is and what you're supposed to do. But according to Mr. Johnson's petition to reconsider, after counsel filed the petition, he wrote his lawyer and said, hey, wait a second, I have these other issues that I want you to raise. And counsel wrote him a letter, confused Mr. Johnson. He thinks he wanted more money, but he's not sure. Well, in the trial court dismissed the petition as frivolous and patently without merit, which it rightly should have. It was raising an issue that was already discussed on direct appeal. So what counsel should have done when he was made aware that my client was dissatisfied with the petition that was filed, he should have immediately moved to withdraw the petition, would leave the refile. That would have given him time to talk to my client, explain why he wasn't raising these other issues. If it's money, it's money. If it's he doesn't think they have any merit, say they don't have merit. And the most important piece of advice is, if you want these issues preserved for appeal, you are better off going pro se. And this might be the only situation in any legal context that I can honestly look at the At least one, and as I argued in my brief, at least one of his issues has the gist of the meritorious claim. He had been to trial three times. The first two times, there was a hung jury. The third time, the big problem they had was there was a lot of people who wanted to kill the Moors. They were snitches and everybody in town knew about it. So what they had to do was take care of the alternative suspects. And so the third time around, they used hearsay and other inadmissible evidence to show that the other people that had been busted based on the Moors' testimony or worked with the police were not available on the day of the shooting, therefore leaving Granville Johnson out there by himself. If there aren't any questions? I don't see any. Thank you, though. You'll have rebuttal. Mr. McNeil. Please, the court, counsel. The defendant would not have been better off, per se, if the defendant's allegations are true, that he informed counsel of these other issues that he wanted to raise. That's clearly a factor external to the defense that he would raise in a motion to file leave to file a successive post-conviction petition as causing prejudice. And this would be in a sworn affidavit, not in a motion to reconsider. The defendant would state hypothetically that I informed counsel these are the issues I wanted to raise. He failed to do it. Clearly, I was prejudiced by this, by counsel's performance. And now these issues are waived, something to that effect. That would be the proper way to go about it, pursuant to the plain language of the post-conviction hearing. Well, is the state making a concession, then, as to a successive PC? I'm not making the concession, because I don't know what the affidavit would say. I don't know what actually happened outside of the record. I'm saying that would be the proper way to add additional issues to this petition, or raise additional issues in a post-conviction proceeding, anyway. People v. Vilsi, cited in both of our briefs, holds pretty consistent with the language of the Post-Conviction Hearing Act that any issue not raised in an initial or an amended petition is waived. And specifically, any issue raised in a motion to reconsider the dismissal of an initial petition is waived. That's not the proper way to raise any claim of substantial denial of constitutional rights not raised in the original or amended petition is waived. Vilsi's is pursuant to the plain language of the Post-Conviction Hearing Act. Defendant would not be better, per se. In fact, if we assume defendant's position here, the defendant who's lucky enough to retain counsel to draft his initial petition is also guaranteed the right to reasonable post-conviction counsel before anybody who drafts their petition pro se. The Post-Conviction Hearing Act doesn't even appoint counsel until the second stage, when the state can file a motion to dismiss. Here, we're at the first stage. If, indeed, these issues were brought to counsel's attention, he may have a valid cause and prejudice claim for a successive post-conviction petition. However, he can't sidestep those procedural hurdles by trying to wedge a bunch of additional issues into motions to reconsider. That's just not the way the Post-Conviction Hearing Act works. So that's the first way the trial court should dismiss. I want to make sure I understand this. You're suggesting he does have the right to reasonable assistance if he hires an attorney, but that reasonable assistance is probably only going to be able to be raised in a second post-conviction petition? If we assume that he has reasonable assistance. Garcia Rocha held recently, as defendant pointed out, that reasonable assistance is not guaranteed at the first stage for retained counsel because pro se defendants don't get reasonable assistance at the first stage. That's the second way the trial court could dismiss this petition. Garcia Rocha is, again, sound and consistent with the statutory language of the Post-Conviction Hearing Act. That being, counsel's not even appointed until the second stage. Therefore, those people who retain private counsel to draft their initial petition clearly are not guaranteed reasonable assistance of post-conviction counsel. The statutory language says that that does not attach until the second stage. People v. Cotto did point out that the Supreme Court in the past had guaranteed reasonable assistance of post-conviction counsel at the first stage. However, the only case they cite in Cotto is People v. Mitchell, which was a death penalty case. Of course, there are specific benefits in the Post-Conviction Hearing Act for those defendants that are sentenced to death. One of those is that counsel is appointed at the first stage. So it makes sense in that situation for counsel... If counsel's appointed at the first stage, it should be a reasonable assistance, at least. The other, of course, well-known benefit to death penalty defendants is that they go directly to the Supreme Court. Both of those are in plain language in the Post-Conviction Hearing Act. So Garcia-Roca is consistent with the plain language of the Post-Conviction Hearing Act and also consistent with People v. Vilses is that we can't give more leeway to those people that are lucky enough to retain counsel at the first stage and get their post-conviction petition drafted by an actual lawyer. People v. Shellstrom Supreme Court case made it clear that if any leeway is to be granted in post-conviction proceedings, it should be for those defendants who are pro se. So that's the second reason. We have waiver because they were improperly raised in the motion to reconsider. The only issue in argument here on appeal was one that was raised in the motion to reconsider. Those are waived. Even if it wasn't waived, defendant is not guaranteed reasonable assistance at the first stage pursuant to the Third District's sound logic in Garcia-Roca. However, even assuming that defense counsel should have breached or a defendant was guaranteed reasonable assistance post-conviction counsel, here the underlying issue was meritless. The underlying issue was the ineffective assistance of trial counsel for failing to object to Officer Yandel's testimony concerning the whereabouts of certain other third parties that may have wanted to kill the victim for being a police informant. First off, trial counsel did object multiple times during that line of questioning. Second, it's well settled that when to object and when not to object is a matter of trial strategy that can't sustain an ineffective assistance of counsel argument. As this Court stated in Fields, one sound trial strategy is to ignore the testimony of police officers to avoid unduly emphasizing it to the jury. That plays here. What we had here was the hypothetical that these third parties also knew that the mourners were criminal or police informants. Therefore, they could have been the shooters. However, that really wasn't fleshed out by any direct witness testimony. On the other hand, two people testified, or two people at least stated at some point in the record that they saw the defendant shoot the victim. So clearly, to not dwell on this third party argument, which would presumably result in the state either having to prove it up or call another witness or something like that, to not dwell on that was completely sound trial strategy. Even easier is the second prong of Strickland. Defendant was not prejudiced by counsel's failure to object to any of this. Like I said, the evidence against the defendant was overwhelming. Two eyewitnesses saw a defendant shoot the victim. That is what convicted the defendant, not the fact that there was some third parties that also hated the person. This was not a Matlock episode where somebody was going to get called and confess to the shooting that defendant did. So clearly, the evidence against the defendant was overwhelming. Even assuming the counsel objected and those objections were sustained to the hearsay testimony, the outcome of the proceedings would not have been different beyond a reasonable doubt. So both prongs of Strickland failed. Trial counsel wasn't ineffective. Therefore, clearly, post-conviction counsel wasn't unreasonable in failing to raise this meritless issue. So those are the three reasons. It's waiver because these issues were improperly raised in motions to reconsider. Two, even if they weren't waived, defendant is not entitled to reasonable assistance of post-conviction counsel until the second stage. And three, even if he was entitled to reasonable assistance of post-conviction counsel, the disputed issue here was meritless. So counsel, of course, was not unreasonable in failing to raise it. And if there are no more questions, I ask this court to... I have one question, Mr. McNeil. You do? Yeah, I've got a question. In the dissent in Garcia Rocha, Justice McDade essentially made the argument that once counsel is hired, you've actually got merges with the second stage. Because at the first stage, the court, if he or she continues it to the second stage, then appoints counsel. What would be your response to that? I would say... She argued that. Again, that would be, from equitable principles, that would be retained counsel gets to skip the first stage. That's... Any defendant that's lucky enough to retain counsel gets to skip the first stage of post-conviction proceedings. That's completely unfair to the majority of defendants who have to file their first petition pro se. And also, it's hard to fathom how it skips to the first or to the second stage when the state would still not be able to participate or file a motion to dismiss until it's actually at the second stage. So the dissent's wrong then? I would argue that the dissent is wrong. And it's contradictory to the plain language of the Post-Conviction Act statute. I mean, there's a specific procedure laid out in the Post-Conviction Act. The Garcia-Roca case and People v. Vilses rely on the plain language of the statute to come up with those sound opinions. And I would ask this court to adopt those. Okay. Thank you. Any rebuttal? Yes, Your Honor. Well, Justice Turner, your question puts me in the awkward position of having to actually go to the state. If you read the Cotto decision, if the counsel filed the initial petition, the state filed a motion to dismiss based on untimeliness, and then counsel amended the petition in stage two to address the untimeliness issue. As we all know, you don't have to address untimeliness in stage one. He didn't do it. He still had the opportunity in stage two. So I don't think that's the reason why Roca is wrong. It's for the reason I stated in my original argument. The reason my client should be granted leeway to file his additional issues in the motion to reconsider is the fact that all the case law prior to this is dealing with pro-state defendants who have absolute control over what issues they include in their initial petition. My client gave up that control when he, unknowingly, gave up that control when he hired counsel. And his first opportunity to say anything about it was during that Frankl-type complaint. I've received unreasonable assistance from counsel. Several times the state has argued how lucky my client was to have private counsel, how lucky he was to have counsel file a petition based on the issue that was raised on direct appeal and add, oh yeah, he should have did a petition for re-hearing. That petition was dead on arrival and any, if it was an ineffective assistance claim, I think I would have a good claim. Unreasonable by itself, you know, it just shows this lawyer did quick work of this post-conviction petition. I'm still a little skeptical of the fact that defense counsel or Mr. Johnson will be able to raise this in a successive petition. That would be a good outcome if, but no court has ever held that. The question that we have right now is, is the state going to come back after he files a successive petition and make the same argument that they're making now, basically, which is a pro-state petitioner couldn't make these arguments, so we shouldn't give him a break simply because he had counsel. It seems disingenuous to me, unless they're willing to say, no, we're not going to make that argument. And we agree that counsel not abiding by Mr. Johnson's wishes is a cause, an outside force that prevented him from raising it in the initial petition. If this court doesn't have any questions. My question is, maybe I misunderstood, but are you distinguishing, in 2009 people versus Kegel was decided in the second district, and it held no right at the first stage. Garcia Rocha appears to have the same decision, though it's And is it arguable to suggest that the language in Cato is either dicta or ambiguous or sloppy? The language in Cato, the precise issue in Cato is whether you're entitled to reasonable assistance of counsel at the first stage once you get to the second stage, because that was the narrow question before the court. But they said unequivocally in, I want to say paragraph 32 of the case held that you had the right to reasonable assistance at stage one and stage two. Now, that is dicta. However, it's judicial dicta by the Illinois Supreme Court, and it is binding on the lower courts, which is why I believe Garcia Rocha was wrongfully decided. Thank you. Thanks to both of you. The case is submitted. The court stands in recess until 1 o'clock.